UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SWANSON,

        Plaintiff,

-vs-

APPLEBEE'S OF MICHIGAN,

        Defendant.
_____/

CASE NO. 06-CV-15681

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Before the Court is Defendant Applebee's of Michigan, Inc.'s ("Defendant") October 31, 2007 Motion to Dismiss for Failure to Prosecute. (Doc. No. 9). Plaintiff Michael Swanson ("Plaintiff") filed a Response on November 30, 2007. The Court dispensed with oral argument pursuant to E.D. Mich. L.R. 7.1(e). Having considered the entire record, and for the reasons that follow, the Court DENIES Defendant's motion.

### I. BACKGROUND

This case arises out of Plaintiff's allegations that he was wrongfully terminated from his employment at Defendant on the basis of his race.

On December 21, 2006, Plaintiff filed his Complaint, alleging four Counts:

    Count I:      Race Discrimination in Violation of Title VII
    Count II:     Retaliation in Violation of Title VII
    Count III:    Discrimination in Violation of 42 U.S.C. § 1981
    Count IV:    Violation of Michigan Elliot-Larsen Civil Rights Act

On February 27, 2007, the parties filed a Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f). In that plan, the parties agreed to the following dates and deadlines:

1

| | |
|---|---|
| March 30, 2007: | parties to exchange initial disclosures pursuant to [Rule] 26(a) |
| May 31, 2007: | parties to complete mediation, if viable |
| June 29, 2007: | Plaintiff to identify any experts he intends to call as witnesses |
| July 31, 2007: | [Defendant] to identify any rebuttal expert witnesses |
| September 28, 2007: | deadline for completion of discovery |
| October 31, 2007: | deadline to file dispositive motions |
| February 28, 2008: | parties to file proposed Joint Final Pretrial Order in accordance with Local Rule 16.2 |

On February 28, 2007, the Court entered a Scheduling Order reflecting the dates to which the parties agreed.

On April 2, 2007, Defendant served its Initial Disclosures. (Def. Br. Ex. 1, Initial Disclosures; Def. Br. Ex. 2, Hilker Aff. ¶¶ 2-3). On April 10, 2007, Defendant served written discovery requests upon Plaintiff and a Notice to Take Deposition. (Def. Br. Ex. 3, Discovery Requests; Hilker Aff. ¶ 6). Defendant's counsel sent an e-mail to Plaintiff's counsel on May 16, 2007, regarding Plaintiff's failure to answer Defendant's discovery requests, the scheduling of Plaintiff's deposition, possible mediation, and a settlement demand. (Def. Br. Ex. 4, 5/16/07 E-Mail; Def. Br. Ex. 5, Pautler Aff. ¶¶ 1-3).

Defendant alleges that it never received Plaintiff's initial disclosures, Plaintiff's answers to the discovery requests, or an answer to its notice to take Plaintiff's deposition. (Hilker Aff. ¶¶ 4, 7, 9). Defendant contends that it has not received any discovery requests from Plaintiff or any requests for extension of time to respond.

On October 31, 2007, Plaintiff's counsel left the following voicemail with Defendant's counsel:

> Hi Paul, this is Bob June calling regarding the Michael Swanson case. I'm just wondering about the status of discovery stuff we sent over to you quite a while ago. I've been out of the office a whole lot lately because of dealing with family medical

> stuff and kind of need to figure out where things are going with this one. I haven't followed up in a while; I know it's been a little while. But, we sent over discovery responses and requests, interrogatories in August and I'm just wondering what the status of things is. So, give me a call. I had hoped to be able to settle this case but maybe that's not in the offing. My number is [XXX-XXX-XXXX]. Thank you.

(Def. Br. Ex. 5, Voice Mail from Plaintiff's counsel).

Plaintiff responds that on March 30, 2007, he sent a letter and his Initial Disclosures to Defendant's counsel, along with a Proof of Service signed by Wendy Wright certifying that she had sent those documents via first class mail. (Pl. Br. Exs. 1, 2).

On May 10, 2007, Plaintiff's counsel alleges that he sent a letter to Defendant's counsel discussing the discovery requests, possible dates of Plaintiff's deposition, settlement, and possible mediation or binding arbitration. (Pl. Br. Ex. 3, 5/10/07 Letter).

On August 6, 2007, Plaintiff's counsel maintains that he sent a letter, answers to Defendant's discovery requests, a preliminary witness list, and his interrogatories to Defendant. (Pl. Exs. 4-8).

Plaintiff's counsel states that on October 31, 2007, he discovered that Defendant's counsel had not received any of the materials. (Pl. Br. 3). Plaintiff's counsel states that he "immediately sent Defendant's counsel copies by email, and [he] also offered to stipulate to measures to prevent any potential prejudice to Defendant." (*Id.*).

Nevertheless, the same day as Defendant received these materials from Plaintiff – October 31, 2007 – Defendant filed a Motion to Dismiss for Failure to Prosecute. Prior to that motion, Defendant never filed a motion to compel, or any other discovery motions in response to its lack of response from the Plaintiff.

II.     ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. L.R. 41.2.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Local Rule 41.2 states:

> [W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

The Supreme Court has long recognized that a district court has discretion under Rule 41(b) to dismiss a case for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-36 (1962). The United States Court of Appeals for the Sixth Circuit has provided a four-factor test to assess whether a case should be dismissed for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted). "While none of these factors are dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Id*. at 591. The Sixth Circuit has expressed "extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." *Id*. at 590.

Defendant contends that Plaintiff's conduct qualifies under each of the *Mulbah* factors and amounts to "delay and contumacious conduct." In essence, Defendant argues the following: (1) Other than filing a Complaint and participating in the Joint Discovery Plan, Plaintiff has not participated in the lawsuit; (2) Plaintiff failed to seek any extensions of time or to update Defendant's counsel with the delays; (3) Defendant was prejudiced by having to expend time and money in attempting to obtain information that Plaintiff was obligated to provide; (4) Plaintiff has been "warned" by the existence of Local Rule 41.2 that his delay could result in dismissal of the action; and (5) the Court is not required to consider available lesser sanctions. (Def. Br. 11-12).

Plaintiff responds that: (1) as far as he was aware, he sent the discovery materials to Defendant; (2) he offered to cure any prejudice, but Defendant refused; (3) he was not given any warning about a possible dismissal; and (4) there has been no effort to seek less dramatic sanctions in the case.

Upon review of the record, the Court does not find that Defendant is entitled to a dismissal or sanctions for Plaintiff's alleged failure to prosecute.

First, there is no indication that Plaintiff's conduct "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah*, 420 F.3d at 591. Plaintiff asserts that he did not realize that his correspondence and accompanying documents never arrived at Defendant counsel's Kansas City, Missouri office. The last correspondence that Plaintiff's counsel received from Defendant was an e-mail dated May 16, 2007. That e-mail discussed the fact that Defendant had not received Plaintiff's discovery responses, possible dates for Plaintiff's deposition, mediation, and a possible

settlement demand. There was apparently no further correspondence between the parties, besides Plaintiff's alleged August 6, 2007 mailing of the discovery information. On October 31, 2007, the dispositive motion cut-off date, Plaintiff was informed by Defendant's counsel that the latter had never received the discovery materials. Plaintiff immediately sent the documents via e-mail and offered to cure any prejudice. Defendant apparently refused this offer, and later that same day filed the instant motion.

In regards to the second factor, although Defendant has argued that it has been prejudiced by Plaintiff's conduct, the Court does not find that any such prejudice significantly weighs in favor of Defendant. Furthermore, Defendant did not request that the Court impose a sanction upon Plaintiff for its lost time. *See Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 243 (6th Cir. Apr. 25, 2005) (unpublished) (recognizing that a monetary sanction can be the appropriate remedy to compensate counsel for "lost time").

As to the third factor, "fair warning," this Court has not had occasion to give notice to Plaintiff that noncompliance with pretrial orders would result in a dismissal of the suit. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (recognizing that the Sixth Circuit "has reversed district courts for dismissing cases . . . . when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal").

As to the final factor, the Sixth Circuit has explained that "[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 589 (emphasis in original). In stating such, the Sixth Circuit has recognized that since dismissal is a "harsh

sanction[,] . . . . the court should only order [it] in extreme situations." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

From the record, it appears that the parties have had serious miscommunication issues, and that neither party followed up with the other to verify the orderly progression of discovery. Defendant made no attempt to contact Plaintiff's counsel after May 16, 2007, and was unwilling to discuss Plaintiff's offer to cure any prejudice or possibly stipulating to a modification of the scheduling order. Furthermore, at no point has Defendant availed itself of the opportunity to obtain discovery through filing a motion to compel or otherwise.

The Court advises the parties that they should attempt to resolve their discovery disputes prior to filing motions with the Court. In order to ensure that future communications are not "lost in the mail," the Court orders that as the case goes forward, Plaintiff send hard copies as well as electronic copies of all discovery materials and pleadings in this case to both Defendant's counsel in Kansas City as well as Defendant's local counsel.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Failure to Prosecute. (Doc. No. 9).

The Court will issue an Amended Scheduling Order in the case.

**SO ORDERED**.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: December 18, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 18, 2007.

                                                s/Denise Goodine
                                                Case Manager